UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| LFP INTERNET GROUP, LLC, | ) | 10-MC-122 |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER GRANTING |
| vs. | ) | MIDCONTINENT |
| | ) | COMMUNICATIONS, INC.'S |
| DOES 1-2,619, | ) | MOTION |
| | ) | TO QUASH SUBPOENA |
| Defendants. | ) | |

Midcontinent Communications, Inc., a nonparty to the above-entitled action, moves to quash a subpoena issued by LFP Internet Group, LLC. LFP has not responded to the motion and the time for response has passed. The motion is granted.

**BACKGROUND**

Midcontinent is an internet service provider, based in Sioux Falls, South Dakota, and maintains its records in Sioux Falls. Midcontinent received the subpoena at issue by certified mail. Neither a witness fee nor payment for costs of compliance accompanied the subpoena and it was not personally delivered to an officer or managing or general agent of Midcontinent. The subpoena is captioned under the authority of the United States District Court for the Northern District of Texas.

In this action, LFP alleges that unknown individuals are violating its copyright on a video entitled, "*This Ain't Avatar XXX*." LFP received an order from the United States District Court for the Northern District of Texas pursuant to Federal Rule of Civil Procedure 26(f) authorizing it to discover

the identities of and contact information for the unknown defendants. The subpoena requests all information, including personal information such as names, phone numbers, addresses, and emails relating to four internet protocol (IP) addresses. Midcontinent's policies forbid the company from releasing customer information to third parties without a valid court order.

## DISCUSSION

Federal Rule of Civil Procedure 45(a)(2) provides that a subpoena "for production or inspection, if separate from a subpoena commanding a person's attendance" must issue "from the court for the district where the production or inspection is to be made." "[A] subpoena duces tecum issued by a federal court cannot be served upon a nonparty for the production of documents located outside the geographic boundaries specified in Rule 45." *Legion Ins. Co. v. John Hancock Mut. Life Ins. Co.*, 33 Fed. Appx. 26, 28 (3d Cir. 2002); *see also Myles v. Dierberg's Markets, Inc.*, No. 09-CV-573, 2009 WL 3414903, at *1 (E.D. Mo. Oct. 22, 2009) (reasoning that a subpoena duces tecum issued from that court would be invalid outside that district). District courts have wide latitude in deciding motions to quash civil, third-party subpoenas and the appellate court reviews these decisions under an abuse of discretion standard. *Pamida, Inc. v. E.S. Originals, Inc.*, 281 F.3d 726, 729 (8th Cir. 2002).

LFP's subpoena requests information from Midcontinent's office in Sioux Falls, South Dakota. Thus, only a district court in the District of South Dakota has jurisdiction to issue a nonparty subpoena on Midcontinent's records. Because LFP failed to secure a subpoena from the

correct court, Midcontinent's motion to quash the subpoena is appropriate. Noting that LFP makes no objection to Midcontinent's motion to quash, it is

ORDERED that nonparty Midcontinent Communications, Inc.'s motion to quash the subpoena (Docket 1) is granted.

Dated January 20, 2011.

BY THE COURT:


/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE